UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States,<br><br>　　　Plaintiff,<br><br>v.<br><br>James Clayton Wolf,<br><br>　　　Defendant. | Case No. 22-cr-137 (KMM/DTS)<br><br><br>**REPORT AND RECOMMENDATION** |

## INTRODUCTION

Defendant James Clayton Wolf moves the Court for the temporary return of a semi-truck for use in his farming operations. Because return of the truck is proper under 21 U.S.C. § 853, the Court recommends the motion be granted.

## FINDINGS OF FACT

The Court incorporates and adopts by reference the facts laid out in Judge Katherine M. Mendendez's Order (Dkt. No. 34) on Defendant's Motion for the Return of Seized Farm Equipment (Dkt. No. 8). Wolf originally moved for the return of twelve pieces of equipment for use in his farming operation. Mot. for Return of Prop. at 3; Dkt. No. 8. After an extensive briefing period and a hearing before Magistrate Judge Becky Thorson, Wolf provided Judge Thorson with a modified list of eight items for return, including item "W" – a semi-truck and the property at issue in this motion. Letter to Magistrate Judge by James Clayton Wolf at 4; Dkt. No. 25. Judge Thorson recommended the temporary return of seven pieces of property subject to a protective order and Judge Mendendez adopted

that recommendation.[1] Report & Recommendation as to Mot. for Return of Property (R&R) at 13; Dkt. No. 27. Item W was not among the property ordered returned. *Id.* Defendant now moves the Court for the return of item W for use during the fall harvest. Mot. for Return of Second Semi-Truck (Second Mot. for Return); Dkt. No. 39. The Government opposes the motion. Response in Opposition by USA as to Motion for Return of Second Semi-Truck (Resp. in Opp.); Dkt. No. 44.

## CONCLUSIONS OF LAW

### I. Item W Should Be Temporarily Returned Under 21 U.S.C. § 853.

Consistent with his first Motion for the Return of Seized Farm Equipment [Dkt. No. 8], Wolf brings the current motion under rule 41 (g) of the Federal Rules of Criminal Procedure. Second Mot. for Return at 1; Dkt. No. 39. Magistrate Judge Thorson held the motion was proper instead under 21 U.S.C. § 853. R&R at 11; Dkt. no 27. This Court considers the current motion under that statute as well.

As noted in Judge Thorson's R&R, the Government may restrain or seize forfeitable assets only if it seems the defendant may move or hide those assets before conviction. R&R at 12; Dkt. No. 27 (citing 21 U.S.C. § 853(e), (f)). A semi-truck, while certainly mobile, is not easily secreted the way a personal vehicle, like a pickup truck or car, would be. *See, e.g. United States v. Lewis*, No. 04-CR-403, 2006 WL 1579855 at *5 (D. Minn. June 1, 2006). Nor is a semi-truck as capable of evading sight the way a yacht

---

[1] Judge Mendendez adopted the R&R, adding one condition to the protective order at the Government's request. Order at 10, 13; Dkt No. 34. That addition—that Wolf submit title to each piece of equipment returned to him as collateral during his use—is not in contention here. Wolf has stated that "[t]he same conditions set out in Judge Menendenz's Order will apply" to return of item W. Def.'s Mot for Return of Second Semi-Truck at 3; Dkt. No. 39.

2

might be. *See, Calero-Toledo v. Pearson Yacht Leasing, Co.*, 416 U.S. 663 (1974). Furthermore, months prior to both this motion and Wolf's first Motion for Return of Property (Dkt. No. 8), the Government returned a tractor and cultivator to Wolf to prevent hardship during the spring planting season. *See* R&R at 3-4; Dkt. No. 27. Because Wolf fully complied with the terms of that temporary return, the Court anticipates similar compliance now. That prior compliance, along with the visibility and size of a semi-truck, support his motion here.

Furthermore, Wolf needs item W to avoid hardship. The Order on the first Motion for Return of Property already granted return of item V, another semi-truck of the same make and model as item W.[2] Dkt. No. 34. Wolf has adequately demonstrated that the harvesting of his 280 acres of wheat (Mot. for Return of Property at 5; Dkt. No. 8) requires use of two semi-trucks simultaneously. One semi loads grain in the field, then delivers the grain to storage bins to prepare for market. Defendant's Second Declaration (Def. Decl.) at 1-2; Dkt. No. 40. With only one truck, the harvest essentially halts entirely while that semi delivers grain to the storage bins. Def. Decl. at 2; Dkt. No. 40. With two semis, there is always one semi being filled with grain and one semi delivering grain, increasing the efficiency of harvest of his 280 acres. Def. Decl. at 2; Dkt. No. 40. Without the second semi-truck, Wolf's harvest is at risk.

## II.   Law of the Case Doctrine Does Not Apply to Item W

The Government argues that return of item W was already decided by Judges Menendez and Thorson in their earlier consideration of Wolf's first motion for return.

---

[2] Both items V and W are 2016 Freightliner Cascadia 125s. Indictment at 8; Dkt. No. 1; R&R at 7; Dkt. No. 27.

3

Resp. in Opp. at 1-2; Dkt. No. 44. The Court has considered this argument, and in particular whether that earlier Order constitutes law of the case as to item W.

The law of the case doctrine specifies that once a court decides a rule of law, that decision should govern that same issue in all stages of the case. *Ariz. v. Cal.*, 460 U.S. 605, 618 (1983). Law of the case provides consistency, promotes efficiency, and avoids relitigation of settled issues. *Little Earth of the United Tribes, Inc. v. HUD*, 807 F.2d 1433, 1441 (8th Cir. 1986). While these objectives are important, and courts are encouraged to act expeditiously, law of the case doctrine is one of discretion, *id.* at 1440, and "expresses common judicial practice" but "does not limit the courts' power." *Castro v. United States*, 540 U.S. 375, 384 (2003).

In this case, Judge Thorson never ruled on the merits of returning item W to Wolf. Instead, she declined to consider item W's return because "this item was not included in the original motion to return." R&R at 13 n.9; Dkt. No. 27. Nowhere in the R&R does Judge Thorson explain any other reasoning behind denying return of item W. Nor did Judge Menendez analyze whether item W's return was proper under governing law. Order at 4; Dkt. No. 34 (reiterating Judge Thorson's decision as to item W). Given the lack of a ruling on the merits as to item W, there simply is no law of the case in this proceeding relating to that piece of property. Judges Menendez and Thorson did not "decide[] a rule of law" about item W. *Cf. Ariz.*, 460 U.S. at 618. Instead, they declined to decide and law of the case doctrine is inapplicable here. *Id.*

Even if law of the case doctrine is applied here, it still supports return of item W. As noted above, the R&R and Order on the First Motion for Return already returned one semi-truck to Wolf—item V. *See* R&R at 12-13, Dkt. No. 27; Order at 11-12, Dkt. No. 34.

4

In recommending return of item V, Judge Thorson aptly noted that Wolf's compliance with the terms of the temporary return of planting equipment in the spring supported return of seven items, including semi-truck V, for the fall harvest. R&R at 12-13; Dkt. No. 27. Indeed, she stated that denying return now would be contrary to the criminal forfeiture statute's purpose of ensuring availability of property during the criminal proceedings. *Id.* at 13. Judge Thorson already determined that the hardship of trying to harvest his crops without semi-truck V outweighed the risk the semi-truck would be unavailable. *Id.*; *see also*, Order at 6, Dkt. No. 34. The same reasoning applies to semi-truck W. If there is law of the case on return of semi-trucks to Wolf, it is that return is warranted, subject to reasonable conditions and item W should be returned.

## RECOMMENDATION

For the reasons set forth above, the Court recommends that:

1. Defendant's Motion for the Return of Second Semi-Truck be granted.

2. The District Court enter an order providing for the temporary return of item W, with the conditions set forth below.

### RECOMMENDED PROTECTIVE ORDER FOR TEMPORARY USE OF HARVESTING FARM EQUIPMENT

The United States of America ("Government") must allow for the temporary return of the following items that are identified in the Indictment to Defendant James Clayton Wolf ("Wolf") in order to prevent undue hardship with respect to the imminent harvesting of the crops: with the imposition of reasonable conditions set forth below. The parties shall be permitted to seek the Court's modification of the terms and conditions of this Protective Order by stipulation or motion.

1. Prior to the return of the equipment, Wolf (or his counsel as indicated) must do the following:

5

a. Wolf's counsel must file a Statement reflecting the anticipated date for completion of the harvesting of Wolf's crops before item W is returned to Wolf. The parties, through their counsel, must meet and confer to agree on the anticipated date for the completion of the harvesting of Wolf's crops.

b. Wolf must provide proof of insurance for item W.

c. Wolf must make arrangements that are satisfactory to the Government to pay the costs associated with transferring or transporting item W to and from his property

d. Wolf must provide the Government with a list of identities (for example, his nephew) of any other person who may be using item W and provide the Government with a list of any other persons who may be using item W during the period of temporary use

2. After receiving item W for temporary use:

a. Wolf is prohibited from selling, transferring, assigning, pledging, distributing, encumbering, wasting, secreting, or damaging the property.

b. Wolf is prohibited from using or letting others use item W for any use other than to harvest crops planted on the real property he owns, rents or leases.

c. Wolf is prohibited from renting, leasing, or loaning item W to any others during the temporary use period.

d. Wolf must pay for any maintenance on item W needed during the temporary use period.

e. The Government may re-seize item W without the need for an additional seizure warrant, upon completion of Wolf's fall harvesting, or 21 days after the anticipated date for completion of the harvest as reflected in the Statement, whichever is earlier.

f. The Government may enter into Wolf's land and outbuildings to affect the re-seizure of item W and Wolf must cooperate with such re-seizure.

g. Wolf must return item W in substantially the same condition as it was when it was originally sized and must notify the government if there is any damage. If any such damage occurs, Wolf must make all necessary insurance claims and other filing and any resulting payments to Wolf must be paid over to, or will be otherwise subject to seizure by, the Government.

    h. Wolf must submit to the United States title for item W to hold as collateral during its continued use.

3. Upon return of item W, the Government is permitted to inspect Wolf's property to determine whether item W is present and accounted for.

Dated: September 27, 2022                 ___s/David T. Schultz_____
                                                                 DAVID T. SCHULTZ
                                                                 United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).