UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States,

    Plaintiff,

v.

James Clayton Wolf,

    Defendant.

Case No. 2-cr-137 (KMM/DTS)

ORDER

---

The above matter comes before the Court upon the Report and Recommendation (R&R) of United States Magistrate Judge David T. Schultz, dated September 27, 2022. No objections have been filed to that R&R in the time permitted.

The Court reviews de novo any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). In the absence of objections, the Court reviews the R&R for clear error. *Nur v. Olmsted County*, 563 F. Supp. 3d 946, 949 (D. Minn. 2021) (citing Fed. R. Civ. P. 72(b) and *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam)). Based on the Court's careful review of the R&R and the record in this case, the Court finds no error.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's Motion for the Return of Second Semi-Truck [Doc. 39] is granted.

2. If it has not already been returned, Item W shall temporarily be returned to Defendant subject to the conditions set forth below.

1

PROTECTIVE ORDER FOR TEMPORARY USE OF
HARVESTING FARM EQUIPMENT

The United States of America ("Government") must allow for the temporary return of the following items that are identified in the Indictment to Defendant James Clayton Wolf ("Wolf") in order to prevent undue hardship with respect to the imminent harvesting of the crops: Item W, with the imposition of reasonable conditions set forth below. The parties shall be permitted to seek the Court's modification of the terms and conditions of this Protective Order by stipulation or motion.

1. Prior to the return of the equipment, Wolf (or his counsel as indicated) must do the following:

    a. Wolf's counsel must file a Statement reflecting the anticipated date for completion of the harvesting of Wolf's crops before item W is returned to Wolf. The parties, through their counsel, must meet and confer to agree on the anticipated date for the completion of the harvesting of Wolf's crops.

    b. Wolf must provide proof of insurance for item W.

    c. Wolf must make arrangements that are satisfactory to the Government to pay the costs associated with transferring or transporting item W to and from his property

    d. Wolf must provide the Government with a list of identities (for example, his nephew) of any other person who may be using item W and provide

    the Government with a list of any other persons who may be using item W during the period of temporary use

2. After receiving item W for temporary use:

   a. Wolf is prohibited from selling, transferring, assigning, pledging, distributing, encumbering, wasting, secreting, or damaging the property.

   b. Wolf is prohibited from using or letting others use item W for any use other than to harvest crops planted on the real property he owns, rents or leases.

   c. Wolf is prohibited from renting, leasing, or loaning item W to any others during the temporary use period.

   d. Wolf must pay for any maintenance on item W needed during the temporary use period.

   e. The Government may re-seize item W without the need for an additional seizure warrant, upon completion of Wolf's fall harvesting, or 21 days after the anticipated date for completion of the harvest as reflected in the Statement, whichever is earlier.

   f. The Government may enter into Wolf's land and outbuildings to affect the re-seizure of item W and Wolf must cooperate with such re-seizure.

   g. Wolf must return item W in substantially the same condition as it was when it was originally seized and must notify the government if there is

any damage. If any such damage occurs, Wolf must make all necessary insurance claims and other filing and any resulting payments to Wolf must be paid over to, or will be otherwise subject to seizure by, the Government.

    h.  Wolf must submit to the United States title for item W to hold as collateral during its continued use.

3. Upon return of item W, the Government is permitted to inspect Wolf's property to determine whether item W is present and accounted for.

Date: **October 17, 2022**            *s/ Katherine M. Menendez*
                                                     Katherine M. Menendez
                                                   United States District Judge